FILED

2007 AUG 17 PM 1:46

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:07CR372 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | |
| vs. | ) | |
| | ) | |
| Monroe Retail, Inc., | ) | |
| | ) | |
| Defendant. | ) | PLEA AGREEMENT |
| | ) | |

Pursuant to Rule 11(c), Federal Rules of Criminal Procedure, the United States of America, by and through its attorney Thomas A. Karol, Assistant United States Attorney for the Northern District of Ohio, Western Division, and the defendant, Monroe Retail, Inc., by and through its President, Ann Riebe, and by and through its undersigned attorney, Reginald S. Jackson, Jr., agree as follows.



### Plea and Maximum Sentence

1. Defendant agrees to plead guilty to Count 1, structuring financial transactions to evade the filing of currency transaction reports, of the Information in this case, because in

fact it is guilty as charged in the Information. For each count, the defendant understands that the maximum statutory penalty upon conviction is not less than one (1) year nor more than five (5) years probation and a $500,000.00 fine. Defendant understands that if a term of probation is imposed and it violates a condition of probation, the Court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence the organization. Furthermore, there is a mandatory special assessment of $400.00 imposed upon conviction, due and payable on date of sentencing.

### Advice of Rights

2. The defendant, having been advised of its constitutional rights, including its right to a trial by jury, its right to confront and cross-examine witnesses against it, its right to testify if it so chooses and to call witnesses on its behalf, its right to be represented by an attorney at every stage of the proceedings against it, and its privilege against self-incrimination, knowingly and voluntarily waives these rights and privileges and agrees to enter a plea of guilty as set forth in paragraph 1 of this plea agreement. Defendant further acknowledges that a plea of guilty is not being entered as a result of force or threats.

### Waiver of Indictment

3. Defendant understands that it has the right to have charges filed by indictment returned by a vote of a grand jury and agrees that it will waive his right to prosecution by indictment and proceed by way of information.

### Right to Separate Representation of Counsel

4. Defendant further acknowledges that Defendant has the right to effective representation of counsel, including separate representation by Defendant's own attorney. Defendant has been advised of the risks of a conflict of interest from the joint representation of Defendant and an individual owner of Monroe Retail, Inc. and waives any claim of ineffective assistance of counsel on this ground.

### Non-binding on Court

5. Defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon defendant any sentence up to and including the maximum sentence provided by law. Further, if the Court imposes a sentence with which defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the Court

decline to follow any recommendations by any of the parties to this agreement.

### Sentencing Guidelines

6. Defendant understands that federal sentencing law requires a sentence which is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. Section 3553(a). Defendant also understands that sentencing is within the discretion of the Court; that the Court is required to consider any applicable advisory sentencing guideline but that the Court may depart from those guidelines under some circumstances; and that the Court must consider the advisory U.S. Sentencing Guidelines in effect at the time of sentencing in determining a reasonable sentence.

### Sentencing Factors

7. The defendant and the government stipulate to the following statement of facts and guideline factors:

    a. The facts stated in the Information are true and accurate and incorporated herein;

    b. Between March 1, 2001 and March 30, 2001, the defendant would make multiple currency withdrawals individual days, each in amounts of $10,000.00, such withdrawals knowingly being structured so as to avoid the

currency transaction reporting requirements of Title 31, United States Code, Section 5313(a);

    c. On eleven separate days in March 2001, defendant structured currency transaction withdrawals totaling $425,500.00 at Sky Bank and Key Bank, each of which is a domestic financial institution;

    d. The parties agree that pursuant to United States Sentencing Guideline § 8C2.3, the base offense level is 6 with a 14 level enhancement under U.S.S.G. § 2S1.3(a)(2), and a 2 level enhancement pursuant to U.S.S.G. § 2S1.3(b)(2). The base fine pursuant to U.S.S.G. § 8C2.4(d) is $1,200,000. The culpability score is 5 points [§ 8C2.5(a)]. Based upon a culpability score of 5 and applying the multipliers [1.00 and 2.00] set forth in U.S.S.G. § 8C2.6, the fine range is **$1,200,000 to $2,400,000**. The parties recognize that pursuant to U.S.S.G. §8C3.3(b), the court may impose a fine below that otherwise required if the court finds that the defendant is neither able nor likely to become able to pay the minimum fine required.

8. The defendant understands that neither the United States Probation Office nor the Court is bound by the stipulations herein and that the Court will, with the aid of the presentence

report, determine the facts and calculations relevant to sentencing. The defendant further understands that both parties are free to supplement these stipulated facts by supplying relevant information to the United States Probation Office, and the government specifically reserves the right to correct any and all factual misstatements relating to the calculation of the defendant's sentence. The defendant understands that the Court cannot rely exclusively upon the parties' stipulation in ascertaining the factors relevant to the determination of the defendant's sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The defendant further understands that if the Court ascertains factors different from those contained in the stipulation, it cannot, for that reason alone, withdraw it guilty plea.

**Forfeiture**

9. Defendant agrees to forfeit to the United States pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) [now codified at 31 U.S.C. § 5317(c)(1)(B)], **$425,500.00** in currency, such amount to be paid on or before the date of sentencing. The government agrees not to seek further forfeiture of monies arising from all actions presently known to the government.

**Right to Appeal**

10. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court.

7

Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel, voluntariness of this plea and accompanying waivers, or prosecutorial misconduct.

### Right of Allocution

11. Both the government and the defendant reserve the right of allocution at the time of sentencing.

### Voluntariness of Agreement

12. The defendant acknowledges that it has read this Plea Agreement, that it has had an opportunity to discuss it with its attorney, that it fully understands the agreement, that it is satisfied with the representation of its attorney, and that it is voluntarily signing the agreement. Furthermore, the attorney for the defendant acknowledges that he has discussed the agreement with the defendant, that he has fully explained the agreement to the defendant, and that he concurs in the defendant's decision to sign the agreement.

### Authority to Enter into Plea Agreement

13. The individual signing this plea agreement on behalf of Monroe Retail, Inc. acknowledges that she is a designated agent of the corporation and that the Board of Directors of the

corporation has passed a resolution, which is attached to this plea agreement, authorizing the agent to enter into this plea agreement.

## No Additional Agreements

14. Both the United States of America and defendant, agree that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement and none will be entered into unless in writing and signed by the parties.

_____  _____
Thomas A. Karol                 Reginald S. Jackson, Jr.
Assistant United States Attorney  Attorney for Defendant

_8/17/2007_____        _____
Date                             Ann M. Riebe, President
                                 Monroe Retail, Inc.
                                 Defendant

9